HOCKING CO. BD. of ED. v STATE ex PARKER

Ohio Appeals, 4th Dist., Hocking Co.

Decided Nov. 14, 1928.

Eugene Wright, Logan, for Bd. Ed.
Woolley & Rowland, Athens, for State ex.

Middleton, P J, and Mauck, J, concur.

KERINS v MAUMEE VALLEY MTGE CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2058. Decided Nov. 30, 1928.

Lawton & Saalfield and D J O'Rouke, Toledo, for Kerins.

Fraser, Hiett & Wall, and Denman, Miller & Wall, Toledo, for Mtge Co.

HUGHES, J.

Appeal is before us on the issues between the plaintiff and the mortgage company. At the submission of the case here, it was conceded by both parties that the sole and only issue between them is whether or not the plaintiff signed the deed in question that is, the deed from her to her son John dated July 30, 1925.

Mrs. Kerins the plaintiff, testified in positive terms that she did not sign this deed; that the signature thereon is not her genuine signature; that she never acknowledged the signature before the notary public whose name appears thereon nor before the witnesses who attested her signature. Her evidence is the only evidence in the case to support her claim that the signature on the deed is not genuine. There is no person familiar with her signature or her handwriting, who says that it is not her signature. True, one witness to the deed, A. S. Morse, testified that what purports to be his signature on this deed as a witness, is not his signature and that he did not witness the signing of the deed by the plaintiff. The notary public, H. Henry Miller, who is also an attesting witness, testified that he witnessed the signing of the deed by the plaintiff and took her acknowledgement thereof. The deed itself was introduced in evidence and is in all respects a regular warranty deed duly witnessed by two witnesses and acknowledged before a notary public.

What is above set forth, is in substance all the probative evidence in the case relevant to the issue between the parties, al-